**Gregory McDonnell**
Datsopoulos, MacDonald & Lind, P.C.
201 W. Main Street, Suite 201
Missoula, MT  59802
Phone: (406) 728-0810
Fax: (406) 543-0134
Email: gmcdonnell@dmllaw.com;
ksnyder@dmllaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| **MICHAEL STAMPS and BARBARA STAMPS,**<br><br>Plaintiffs,<br><br>v.<br><br>**MOVING PROS INC., CLAIMS SERVICE INTERNATIONAL, and DOES 1-10,**<br><br>Defendants. | Cause No. _____<br><br><br>**COMPLAINT and JURY DEMAND** |

COMES NOW, Plaintiffs, Michael and Barbara Stamps, and for their Complaint allege as follows:

1. Plaintiffs Michael and Barbara Stamps (together herein "Stamps") are residents and citizens of the state of Montana.

2. Defendant Moving Pros Inc. ("Moving Pros") is a domestic business corporation organized and existing under the laws of the State of New York. Moving Pros advertises and transacts business in Montana.

3. Defendant Claims Service International ("CSI") is a profit corporation organized and existing under the laws of the State of Florida. CSI is a Third Party Administrator for claims arising out of or due to loss, damage, delay, overcharge, or other complaints related to Moving Pros. CSI is authorized to negotiate and pay settlements related to those claims.

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 as this Honorable Court has original jurisdiction of all civil actions arising under the laws of the United States, including the Carmack Amendment (49 U.S.C. § 14701 *et seq*.).

5. Venue is proper pursuant to 28 U.S.C. § 1332(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the judicial district of Montana.

6. The Stamps had resided in California before retiring in 2017 and moving to Ravalli County Montana. The Stamps utilized the internet in their search for a reputable moving company. After reviewing the affirmations made by Moving Pros on their website, Mr. Stamps called the company and inquired as to its presence in Montana. A representative for Moving Pros stated that the company frequently delivered household goods to Montana. Based on the representations of

Moving Pros, Mr. Stamps hired the company to facilitate the Stamps' move from Chico, California to Stevensville, Montana.

7. On or about May 31, 2017 a truck for Moving Pros arrived at the Stamps residence in Chico California. Moving Pros disassembled and loaded the Stamps home furnishings. Moving Pros provided the Stamps with an "Interstate Bill of Lading and Order for Service." The largely incomplete Bill of Lading was signed by Mr. Stamps under protest as he noted "disputed final cost."

8. On or about the same time, Mr. Stamps filled out a "Household Goods Descriptive Inventory" sheet provided by Moving Pros wherein he listed ninety-six (96) separate items to be moved. Pursuant to the Bill of Lading, the first date available for delivery was June 30, 2017.

9. On or about June 14, 2017 Moving Pros arrived at the Stamps' Montana residence. The truck operator and his assistant began unloading the truck outside of the Stamps' home. Moving Pros did not reassemble any of the furniture they previously disassembled. After unloading, the Stamps noted that many of their belongings were missing.

10. Moving Pros' truck operator insisted on an immediate payment of $405.62 before he would release the Stamps belongings. Mr. Stamps asked for a driver's license from the operator to confirm his identity. The vehicle operator did not have a valid driver's license. The Stamps paid the ransom and immediately called

Moving Pros. Moving Pros informed the Stamps that the remainder of their belongings were to be delivered with another shipment.

11. The second shipment arrived nearly a month later on July 9, 2017. Unfortunately, many of the Stamps belongings were still missing. Remarkably, nearly all of the missing items were of considerable value, i.e. leather goods, gold trimmed china, crystal vases, hundreds of digital video disc, etc.

12. The Stamps contacted Moving Pros and spoke with Ryan LNU. Ryan admitted that the loss was the fault of Moving Pros and promised to personally take care of a complete refund and recoupment of the value of the missing items. Ryan also instructed the Stamps not to file a claim as Moving Pros would take responsibility for the losses.

13. Eventually, the Stamps contacted Ryan's apparent manager, Jerry Sullivan who informed the Stamps to file a claim with CSI and contact Moving Pros to compensate them for the balance of their losses.

14. On August 21, 2017, in accordance with Moving Pros instructions, and within the time limit provided by law, Mr. Stamps filed a claim with Moving Pros through CSI for missing and damaged belongings. Mr. Stamps' claim consisted of two parts; a dispute for billing for "air space" in the amount of $677.00; and, an itemized list of forty (40) items, including 17 images, of items which were either damaged or missing with a total value of $19,530.00.

Complaint and Jury Demand

15. On or about December 14, 2017 CSI responded to the Stamps' claim, on behalf of Moving Pros noting that "Valuation Protection" of $0.60 per pound per article applied to the lost and damaged goods. CSI addressed thirty-two (32) of the forty (40) items which were annotated in the Stamps appeal. Of those 32, CSI denied coverage for 14 of the items claiming, *inter alia*, that no supporting pictures exist or the item was "packed by owner." No explanation was given for why eight (8) items were ignored. CSI did not respond to any of the claims for the missing items or the air space charge.

16. Mr. Stamps responded to CSI's denial noting that "irrefutable photographic proof of damages" was provided and ignored. On or about January 25, 2018, CSI replied by stating that no additional support was provided and that no additional review would be conducted.

## FIRST CAUSE OF ACTION
### Violation of the Carmack Amendment 49 U.S.C. § 14701 *et seq*

17. Plaintiffs hereby incorporate and re-allege as though set forth herein the allegations contained in preceding paragraphs.

18. Carriers such as Moving Pros, which provide transportation or services, are liable to a person for damages sustained as a result of an act or omission of that carrier or broker. A civil action under the Carmack Amendment may be brought against a delivering carrier in a district court of the United States.

19. Moving Pros acts and omissions damaged the Plaintiffs when Moving Pros failed to deliver all of the Plaintiffs goods, damaged Plaintiffs' goods, and charged Plaintiffs for "air space."

20. Plaintiffs are entitled to recover all damages proximately caused by Moving Pros violation pursuant to the Carmack Amendment as well as attorney's fees pursuant to 49 U.S. Code § 14704(e).

## SECOND CAUSE OF ACTION
### Breach of Contract

21. Plaintiffs hereby incorporate and re-allege as though set forth herein the allegations contained in preceding paragraphs.

22. Plaintiffs and Moving Pros entered into a contract titled "Interstate Bill of Lading and Order for Service" which required Moving Pros to deliver all of the Stamps goods on June 30th 2017 in exchange for payment from the Stamps in the amount of $2,033.45.

23. Plaintiffs fulfilled the terms and provisions of the contract by paying Moving Pros the amount required under the agreement. Moving Pros breached the contract when it failed to deliver the Stamps' household goods.

24. Plaintiffs have been damaged by Moving Pros' breach of the contract and are entitled to recover all damages proximately caused by the breach.

## THIRD CAUSE OF ACTION
### Violations of Montana's Unfair Trade Practices Act ("UTPA") Mont. Code Ann. § 33-18-101 *et seq*.

25. Plaintiffs hereby incorporate and re-allege as though set forth herein the allegations contained in preceding paragraphs.

26. CSI is a Third Party Administrator who provides insurance claim handling for Moving Pros. CSI is considered a "person" under the UTPA.

27. No person shall engage in Montana in any trade practice which is an unfair or deceptive act or practice in the business of insurance. See Mont. Code Ann. § 33-18-102(1).

28. CSI engaged in unfair claim settlement practices when it, *inter alia*; (1) failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (2) refused to pay claims without conducting a reasonable investigation based upon all available information, and; (3) neglected to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

29. Plaintiffs have been damaged by CSI's violations of the UTPA and are eligible for such damages as were proximately caused by the violation, exemplary damages in accordance with Mont. Code Ann. § 27-1-221, and attorney fees and costs as allowed by law.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs demand judgment against Defendants for:

1. All compensatory damages in an amount to be proven at trial;

2. For all exemplary damages as allowed by law;

3. For all costs and attorney fees as allowed by law;

4. All damages proximately caused by Defendants' violations of the UTPA, including exemplary damages assessed in accordance with Mont. Code Ann. § 27-1-221 as provided for in Mont. Code Ann. § 33-18-242(4); and,

5. For such other and further relief as this Honorable Court may deem appropriate under the circumstances of this proceeding.

RESPECTFULLY SUBMITTED this 20th day of June, 2018.

DATSOPOULOS, MacDONALD & LIND, P.C.

/s/ Gregory A. McDonnell
Gregory A. McDonnell
*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs, Michael and Barbara Stamps, by and through their attorney of record, and hereby demand that all issues contained herein be tried before a jury. DATED this 20th day of June 2018.

        DATSOPOULOS, MacDONALD & LIND, P.C.

        /s/ Gregory A. McDonnell
        Gregory A. McDonnell
        *Attorneys for Plaintiffs*