

FILED
AUG 1 2 2019
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL STAMPS and BARBARA STAMPS,<br><br>Plaintiffs,<br><br>vs.<br><br>MOVING PROS INC., CLAIMS SERVICE INTERNATIONAL, and DOES 1-10,<br><br>Defendants. | CV 18–115–M–DWM<br><br>ORDER and ENTRY OF DEFAULT JUDGMENT |

Plaintiffs Michael and Barbara Stamps filed this suit on June 21, 2018, alleging claims based on the loss of or damage to their personal property during their move from California to Montana. (Doc. 1.) The Stamps allege breach of contract under Montana law, as well as violations of the Carmack Amendment, 49 U.S.C. § 14701, et seq., and Montana's Unfair Trade Practices Act, Mont. Code Ann. § 33-18-101, et seq. (*Id.*) Both Defendants Moving Pros Inc. and Claims Service International appeared in the case and answered the complaint. (*See* Docs. 7, 9, 21, 22.) All parties also appeared before the undersigned for a preliminary

1

pretrial conference on January 4, 2019. (*See* Docs. 12–19.) Trial was set for December 2019. (*See* Sched. Or., Doc. 20.)

On May 2, 2019, counsel for both Moving Pros Inc. and Claims Service International sought to withdraw. (*See* Doc. 26.) That motion was granted, and both defendants were given two weeks to retain new counsel or face default. (*See* Doc. 28.) Claims Service International noticed its new counsel on May 21, 2019. (Doc. 29.) Moving Pros failed to retain new counsel and, on May 24, 2019, the Stamps sought default against Moving Pros. (*See* Doc. 32.) The clerk entered default on May 29, 2019. (Doc. 33.) Pursuant to the parties' stipulation, (Doc. 34), the claims against Claims Service International were dismissed with prejudice on July 24, 2019, (Doc. 35). On July 30, 2019, the Stamps filed their application for default judgment and attorneys' fees. (Doc. 36.) That application indicates that it was also sent to the last known address for Moving Pros on that same day. (*See id.* at 7.) Ultimately, the Stamps seek $19,530.00 in damages, $10,672.50 in attorneys' fees, and $1,008.16 in costs. (McDonnell Aff., Doc. 36-1.)

Because Moving Pros has "appeared" in this action, (*see* Docs. 7, 17, 21), only the Court can enter default judgment despite the "sum certain" sought. *Compare* Fed. R. Civ. P. 55(b)(1) (applying if "a defendant [] has been defaulted for not appearing") *with* Fed. R. Civ. P. 55(b)(2) (applying "[i]n all other cases");

2

*see also Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927–28 (9th Cir. 2004). Accordingly, the Court FINDS:

(1) This Court has original subject matter jurisdiction over the Stamps' Carmack Amendment claim, 28 U.S.C. § 1331, and supplemental jurisdiction over the Stamps' state law claims, 28 U.S.C. § 1367(a). This Court has personal jurisdiction over Moving Pros because it transacts business in Montana and entered into a contract to provide services in Montana. *See* Fed. R. Civ. P. 4(k)(1); Mont. R. Civ. P. 4(b)(1)(A), (E). Moving Pros has also waived any challenge to personal jurisdiction by appearing without challenging it. *See* Fed. R. Civ. P. 12(b)(2).

(2) Moving Pros' default was entered on May 29, 2019. (Doc. 33.)

(3) The Stamps' Complaint pleads allegations under the Carmack Amendment and Montana law that plausibly suggest that they are entitled to a default remedy. (*See* Doc. 1.)

(4) The application for default was served on the last known address for Moving Pros on July 30, 2019. (*See* Doc. 36 at 7.)

(5) Despite continued notice, Moving Pros failed to comply with this Court's order, (*see* Doc. 28), and has not been active in the case since February 2019.

Accordingly, IT IS ORDERED:

(1) The Stamps' application for default judgment (Doc. 36) is GRANTED.

(2) Defendant Moving Pros Inc.'s Answer and Amended Answer, (Docs. 7, 21), are STRICKEN. The allegations against Moving Pros pled in the Complaint, (Doc. 1), are DEEMED ADMITTED.

(3) Default Judgment is entered in favor of the Stamps and against Moving Pros in the amount of $19,530.00. *See* Fed. R. Civ. P. 55(b)(2); (Doc. 36). Costs are awarded in the amount of $1,008.16. (*See* Doc. 36-1.)

(4) Pursuant to the affidavit filed by the plaintiffs' counsel, (*see* Doc. 36-1), reasonable attorneys' fees are awarded in the amount of $10,672.50. *See* 49 U.S.C. § 14704(e).

(5) The Clerk of Court is directed to enter judgment in a separate document consistent with this Order and Entry of Default Judgment. Fed. R. Civ. P. 58(a), (b)(2)(B).

DATED this 12th day of August, 2019.

/s/ Donald W. Molloy  10:27
Donald W. Molloy, District Judge
United States District Court